**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**


STATE OF DELAWARE,       )
          )
      v.            )        Case No. 1512010138
          )
JOSHUA L. PAYNE,      )
          )
    Defendant.       )


Submitted: March 24, 2017
Decided: May 31, 2017


Dominic A. Carrera, Jr., Esquire        Benjamin S. Gifford IV, Esquire
Deputy Attorney General             Law Office of Benjamin S. Gifford IV
820 N. French Street, 7th Floor         14 Ashley Place
Wilmington, DE 19801              Wilmington, DE  19804
  *Attorney for the State of Delaware*      *Attorney for Defendant*


**DECISION AFTER TRIAL**


The defendant, Joshua L. Payne ("Defendant"), was charged on December 14, 2015 with Failure to Stop at a Stop Sign, in violation of *21 Del. C. § 4164(a)*, and Driving While Suspended, in violation of *21 Del. C. § 2756(a)*. Trial was held on February 7, 2017, where the State called as its only witness Officer Brianna Oaddams[1] ("Officer Oaddams") of the Wilmington Police Department. Additionally, during the trial, the State moved for the admission of several documents to which the Defendant objected. At the conclusion of

---

[1] Officer Oaddams has been a police officer with the Wilmington Department of Police for approximately two years. She is assigned to the patrol division, and is responsible for enforcing traffic laws and responding to emergency calls. The Court finds Officer Oaddams to be a credible witness.

trial, the Court reserved decision, and ordered supplemental briefing on the issue of the documents' admissibility. This is the Court's decision after trial.

**FACTUAL AND PROCEDURAL HISTORY**

On December 14, 2015, while patrolling the area of 5th Street in Wilmington, Delaware, Officer Oaddams observed Defendant driving near the intersection of 5th and Monroe Street. Officer Oaddams further testified that Defendant failed to stop, which was a blatant disregard for the stop sign. Officer Oaddams testified that thereafter she followed Defendant for several blocks and stopped him at 3rd and West Street. Defendant provided Officer Oaddams with his identification, and Officer Oaddams conducted a motor vehicle inquiry through DELJIS; the DELJIS inquiry revealed Defendant's license had been suspended. Defendant was thereafter arrested for Failure to Stop at a Stop Sign and Driving While Suspended.

A bench trial was held on February 7, 2017, and through the testimony of the officer, the State sought to introduce several documents to establish that the Defendant's license was suspended. These documents, introduced as State's Exhibit 1, consisted of an Affidavit of Mailing, Official Notice of Revocation, and a Certified Driving Record. Defense counsel raised several evidentiary objections to the admission of these documents. Following argument by both parties, the Court conditionally admitted the documents subject to Defense counsel's objections. The Court reserved decision and ordered supplemental briefing on the issue of the documents' admissibility.

## PARTIES' CONTENTIONS

Defendant contends the affidavit of mailing, official notice of revocation, and certified driving record are inadmissible as hearsay evidence, because the State failed to satisfy the requirements of *Delaware Rules of Evidence* ("D.R.E.") *803(6)* and *902(11)* for their admission. Defendant first contends that the documents are hearsay under Rule 803(6), and as such are not admissible unless the State can establish that such records were made at or near the time by and from information transmitted by a person with knowledge and kept in the regular course of business as shown by testimony of a custodian or other qualified witness. Further, Defendant argues the State cannot meet its burden of authentication in the alternative under Rule 902(11), because such section requires a party who seeks to admit the records pursuant to this section "to provide written notice of such intention to all adverse parties." Therefore, Defendant reasons the written declaration—an affidavit sworn on June 28, 2016—must be excluded because the State failed to give the required notice.

Furthermore, Defendant argues the driving record offered by the State is not properly certified and cannot be admitted pursuant to *21 Del. C. § 2736(e)*. Defendant concedes the statute allows for the admission of a motor vehicle conviction record into evidence absent the appearance of an employee or agent of the Division of Motor Vehicles, so long as the conviction record has been certified by the Director of Motor Vehicles. However, Defendant contends the certification at the bottom of the driving record is invalid as it fails to comply with the notarial rules of this State. Specifically, Defendant contends no notary public attested to the certification at the bottom of the driving record. Defendant

3

argues the State's failure to obtain a properly certified copy of the driving record undermines the reliability of the document absent witness testimony to its accuracy.

Because the State allegedly failed to comply with the requirements of 803(6) and 902(11) and allegedly failed to introduce a properly-certified driving record, Defendant argues the documents conditionally entered into evidence as State's Exhibit 1 must be excluded. Furthermore, Defendant argues the only other evidence against him—the testimony of Officer Oaddams—is insufficient to support a conviction of Driving While Suspended. Accordingly, Defendant moves the Court to enter a finding of Not Guilty as to that charge.

Conversely, the State argues Defendant's reliance on 803(6) and 902(11) for the exclusion of the documents is unfounded, as *21 Del. C. § 2736* specifically provides for the documents' admissibility. It is the State's contention that the affidavit of mailing and official notice of revocation are admissible pursuant to section 2736(c), while the driving record is properly certified and admissible pursuant to section 2736(e). The State also argues, in the alternative, that the proposed exhibits are admissible pursuant to the public records exception of *D.R.E. 803(8)* and are properly authenticated under the self-authentication rule set forth in *D.R.E. 902(4).* For these reasons, the State submits the documents were properly admitted into evidence. As such, the State maintains the properly admitted documents—along with the testimony presented at trial—establishes Defendant's guilt beyond a reasonable doubt.

## DISCUSSION

## I. Admissibility of the Evidence

Pursuant to *21 Del. C. § 2736*, whenever a license is suspended or revoked the State must provide notice of the suspension or revocation to the license holder.[2] This statute allows the State to prove a license holder received notice of suspension by "an affidavit of any person over 18 years of age, naming the person to whom such notice was given and specifying the time, place and manner of the giving thereof."[3] This statute was enacted to "eliminate the cumbersome methods of proof required for license revocation by establishing means to prove suspension or revocation that would not require the presence of a Division employee in Court for every trial."[4] When proof of notice is made by an affidavit in this manner, the Court may admit the affidavit into evidence[5] and it will be unnecessary for an employee or agent of the Department of Motor Vehicles to appear personally in court.[6]

As required under section 2736(c)(2), the State submitted a notarized affidavit of a Department of Motor Vehicles employee, Michaele Bradley, who swears that she is over 18 years of age. The affiant further avers that on December 10, 2013, an envelope was mailed to Payne, Joshua Lee at 141 Autumn Horseshoe, Newark DE 19702, which contained a copy of his Official Notification of Withdrawal of Driver's License and/or Driving Privileges. Attached to the affidavit of mailing is the official notice of revocation. I find that this affidavit satisfies section 2736(c)(2). Accordingly, the affidavit of mailing and official

---

[2] *See* 21 *Del. C.* § 2736(a).
[3] 21 *Del. C.* § 2736(c)(2).
[4] *Carroll v. State*, 2002 WL 35628656, at *2 (Del. Super. Apr. 16, 2002).
[5] *See McMonigle v. State,* 2009 WL 27311, at *2 (Del. Super. Jan. 6, 2009).
[6] 21 *Del. C.* § 2736(d).

5

notice of revocation are admitted into evidence to establish the fact Defendant received notice of his license suspension.

Likewise, I find the certified driving record admissible pursuant to *21 Del. C. § 2736(e)*. Section 2736(e) provides:

> "In any prosecution under this Code, a conviction record as maintained in the Division of Motor Vehicles, which has been *certified* by the Director of the Division of Motor Vehicles, *may be admitted* into evidence and shall be competent evidence that the person named therein was duly convicted of each offense enumerated therein and of the status of the person's driving license and/or privileges. It shall be unnecessary for any employee or agent of the Department to personally appear for the admission into evidence of such conviction record in any proceeding under this Code."[7]

Defendant objects to the admission of the driving record on the grounds that the document is not properly certified under the notarial rules of this State. However, I find no merit in Defendant's argument. There is a difference between the requirements for certification of public documents by public officials and the requirements for certification of notarial acts under *29 Del. C. § 4321 et seq.* Section 4322 of Title 29 lists the various acts which require certification by a notarial officer.[8] Excluded from this list are copies of official or public records that can be certified by a public official.[9] Therefore, since the statute provides for the driving record's admission, I need not reach the authenticity issue raised by Defendant.

Pursuant to *21 Del. C. § 2736(e)*, the State submitted Defendant's driving record. The bottom of the driving record is affixed with the State's seal for the Department of Transportation. The bottom of the driving record states:

---

[7] 21 *Del. C.* § 2736(e)(emphasis added).
[8] *See* 29 *Del. C.* § 4322.
[9] *See* 29 *Del. C.* § 4322(d).

6

"I, the undersigned, an officer of the Division of Motor Vehicles for the State of Delaware, in whose charge the above records are, DO HEREBY CERTIFY that the above is a true and correct copy of the driving record of the above named individual as it appears in the Division of Motor Vehicles, and that I am the officer having legal custody of this record."

Moreover, the document is electronically signed by Scott Vien, the Director of the Division of Motor Vehicles. This is sufficient to demonstrate that the driving record is properly certified by the Director of Motor Vehicles. Accordingly, I find that the driving record is admissible pursuant to *21 Del. C. § 2736(e)*.

## II. Sufficiency of the Evidence

### A. Failure to Stop at a Stop Sign

Defendant is charged by Information with Failure to Stop at a Stop Sign, in violation of *21 Del. C. § 4164(a)*. In order to find Defendant guilty on this charge, the State has to establish beyond a reasonable doubt that: (1) Defendant operated a motor vehicle; (2) Defendant failed to come to a complete stop at an intersection controlled by a stop sign; and (3) the stop sign was properly posted and clearly visible.[10] At trial, Officer Oaddams testified that she observed Defendant driving a vehicle near the area of 5th and Monroe Street, and observed Defendant drive through a stop sign. Officer Oaddams further testified that it was a blatant disregard for the stop sign. However, there is no testimony that the sign was properly posted or clearly visible. Further, there is no testimony of Defendant's approach to the intersection, only that it was a blatant disregard, with no explanation of what constitutes blatant. Such evidence is insufficient to prove beyond a reasonable doubt the offense charged. Accordingly, I find Defendant not guilty of Failure to Stop at a Stop Sign. In so

---

[10] *21 Del. C. § 4164(a)*.

7

concluding, I do not find that Officer Oaddams lacked reasonable articulable suspicion to stop the vehicle.

## B. Driving While Suspended

Defendant also stands charged with Driving While Suspended, in violation of *21 Del. C. § 2756(a).* In order to find Defendant guilty on this charge, the State has to establish beyond a reasonable doubt that: (1) Defendant's driving license or driving privileges were suspended or revoked; (2) that notice of the revocation or suspension was given as provided by the statute; and (3) that Defendant operated a motor vehicle on a public highway.[11] Furthermore, in order for there to be a legal revocation or suspension, the State must properly notify the Defendant of his revocation or suspension.[12]

In this case, Officer Oaddams testified that she observed Defendant drive a vehicle on December 14, 2015. The admitted certified driving record establishes that Defendant's license was suspended on or about the date he was operating the motor vehicle. Furthermore, the admitted affidavit of mailing and official notice of revocation establish the fact that Defendant was given notice of his license suspension prior to December 14, 2015. Therefore, I find that the evidence establishes beyond a reasonable doubt Defendant's guilt of violating *21 Del. C. § 2756(a).* The clerk shall schedule the matter for sentencing.

**IT IS SO ORDERED.**

_____
Alex J. Smalls,
Chief Judge

State v Payne – May 31 2017

---

[11] 21 *Del. C.* § 4164(a); *McMonigle v. State*, 2009 WL 27311, at *2 (Del. Super. Jan. 6, 2009); *State v. Kimbi*, 2015 WL 5007981, at *2 (Del. Com. Pl. Aug. 21, 2015).
[12] *McMonigle*, 2009 WL 27311, at *3.

8